# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 22, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139398

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                    SC: 139398
                                    COA: 292085
ALVIN D. FRAZIER,
                Saginaw CC: 07-029462-FC
      Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the July 1, 2009 order of the Court of Appeals is considered and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. We note that the trial court orally gave the defendant certain warnings at his plea hearing. He advised defendant that by pleading no contest to the charges against him, he waived his right to court-appointed counsel unless his sentence exceeded the sentencing guidelines, his plea was conditional, the prosecutor sought leave to appeal, or the Court of Appeals or this Court granted his application for leave to appeal. That instruction was legally erroneous. *Halbert v Michigan*, 545 US 605; 125 S Ct 2582; 162 L Ed 2d 552 (2005); MCR 6.425(F)(2).

However, the trial court's error was harmless, because defendant received an advice-of-rights form at sentencing informing him of his right to appointed counsel under all circumstances, regardless of whether his conviction was plea-based or trial-based. MCR 6.425(F)(3). Therefore, defendant was not prejudiced by the trial court's erroneous oral instructions. Under MCR 6.425(F)(2)(c), defendant was required to request counsel within 42 days. Because defendant did not request that appellate counsel be appointed until seven months later, his request was properly denied.

Although the error was harmless in this case, trial judges should take care to advise defendants in plea proceedings of their continuing right to court-appointed counsel if they cannot afford counsel.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 22, 2010 _____

y0114

_____
Clerk